# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**FRANKIE CUEVAS**

**vs.**                                      **Case No. 8:11-CV-240-T-27AEP**
                                             **Crim Case No. 8:09-CR-257-T-27AEP**

**UNITED STATES OF AMERICA**
_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Memorandum of Law and two supplemental memorandums (CV Dkts. 1, 2), the Government's Response in Opposition (CV Dkt. 8), and Petitioner's Reply (CV Dkt. 10). Upon consideration, Grounds One and Three in Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV Dkt. 1) are DENIED. An evidentiary hearing is required on Ground Two.

### Procedural Background

Petitioner was charged with conspiracy to possess with intent to distribute and distribution of cocaine (CR Dkt. 1). Daniel Hernandez, an experienced criminal defense attorney, was appointed to represent Petitioner (CR Dkt. 26). Subsequently, the Government filed its Information and Notice of Prior Convictions, providing notice that Petitioner's prior felony drug convictions subjected him to enhanced penalties (CR Dkt. 29).

Pursuant to a Plea Agreement, Petitioner pleaded guilty (CR Dkt. 47). The Magistrate Judge

1

conducted a thorough Rule 11 change of plea colloquy and recommended that his guilty plea be accepted (CR Dkts. 53, 70). Petitioner's guilty plea was accepted, he was adjudicated guilty, and sentenced as a career offender to 180 months imprisonment (a below guideline sentence), followed by 72 months of supervised release (CR Dkts. 54, 62). Petitioner did not appeal.

In his § 2255 motion, Petitioner raises three claims of ineffective assistance of counsel:

**GROUND ONE:** "Petitioner was unconstitutionally and improperly sentenced as a career offender, based on counsel's ineffectiveness."

**GROUND TWO:** "Counsel was ineffective for not filing a notice, and direct appeal upon Petitioner's request to do so."

**GROUND THREE:** "Petitioner was prejudiced by the substantial cumulative errors in this case, therefore counsel was ineffective."

## Standard

To demonstrate ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient, that is, that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Additionally, Petitioner must show that counsel's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668 (1984); *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998). In assessing a lawyer's performance, there is a strong presumption that counsel's performance was reasonable and that counsel exercised "reasonable professional judgment" in making all significant decisions. *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (*en banc*), *cert. denied*, 531 U.S. 1204 (2001). The question is whether Petitioner's attorney's performance was within "the wide range of professionally competent assistance," an objective determination. *Van Poyck v. Fla. Dept. of Corrections,* 290 F.3d 1318, 1322 (11th Cir. 2002)(quoting *Strickland*, 466 U.S. at 690). Where a movant is unable to establish either prong of the *Strickland* analysis, his claim must be dismissed.

*See Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1995).

Counsel owes a lesser duty to a client who pleads guilty than to one who goes to trial. *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). When a defendant pleads guilty, counsel need only provide his client with an understanding of the law in relation to the facts so that the defendant can make an informed decision between pleading guilty and going to trial. *Id.* Counsel need only make an independent examination of the facts, circumstances, pleadings and applicable law, and then offer counsel's informed opinion to his client as to the best course of action. *Id.*

In the context of a guilty plea, Petitioner must show that counsel's alleged deficient performance "affected the outcome of the process," that is, that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Lalani v. United States*, 315 Fed. Appx. 858, 860-61 (11th Cir. 2009).

## DISCUSSION

**GROUND ONE**

In Ground One, Petitioner claims that his attorney's ineffectiveness rendered his guilty plea involuntary, unknowing, and unintelligent. Specifically, Petitioner contends that his attorney was ineffective in failing to advise him that he was a career offender and would receive a sentence of more than 60 months and failing to "go over the presentence report to the extent that he informed nor told the petitioner that he would be sentenced as a Career Offender, for less than 50 grams of cocaine" (CV Dkt. 2, p. iii-iiii).[1] He claims he "would have never pled had he known that he was

---

[1] As will be discussed, this last contention is belied by Petitioner's allegation that he became aware that he would be sentenced as a Career Offender after reading the PSR.

going to be enhanced as a Career Offender Status," and "would have instead proceeded directly to trial." (Id., p. iiii). Finally, he claims that his attorney "indirectly promised the petitioner that if he pled guilty, and did not pursue a trial, he would receive a possible sentence of no more than 60months in a federal prison." (Id., p. 2). The record demonstrates that this claim of ineffective assistance of counsel is without merit.

Accepting as true that counsel did not explain to Petitioner that he could be sentenced as a career offender, that failure did not undermine the knowing and voluntary nature of Petitioner's guilty plea. Petitioner's plea colloquy demonstrates that (1) he acknowledged that his prior convictions would enhance the maximum possible sentence he faced, (2) he understood the maximum possible sentence and that he could get the maximum sentence, and (3) his sentence could be greater than any estimates of his sentencing guidelines range. And his ultimate sentence was less than the maximum possible sentence.

A defense attorney's failure to explain the possibility of the client being sentenced as a career offender does not undermine the knowing and voluntary nature of the client's guilty plea where the client, during the change of plea hearing, acknowledges the maximum possible sentence and that the sentence could be greater than anticipated or estimated. *United States v. Himick*, 139 Fed. Appx. 227, 229 (11th Cir. 2005)(no abuse of discretion in denying motion to withdraw guilty plea based on claim that attorney failed to advise defendant of possibility of being sentenced as career offender), citing *United States v. Bradley*, 905 F.2d 359, 360 (11th Cir. 1990)); *United States v. Herrington*, 350 Fed. Appx. 363, 369 (11th Cir. 2009)(that defendant unaware of possible of career offender sentence did not render guilty plea unknowing and involuntary where defendant was advised of possible maximum sentence and that he could not rely on sentencing estimates of counsel)*; United*

4

*States v. Williams,* 116 Fed. Appx. 539 (5th Cir. 2004)(defendant not entitled to withdraw guilty plea because unaware he could be sentenced as career offender, where he was informed of the maximum sentence he faced); *United States v. Howard,* 341 F.3d 620, 622 (7th Cir. 2003)(defendant not entitled to withdraw plea even though counsel failed to inform him that he would be sentenced as a career offender, where he was informed of maximum penalty); *United States v. Ludwig,* 972 F.2d 948, 950-51 (8th Cir. 1992)(same); *Thomas v. United States,* 27 F.3d 321, 325 (8th Cir. 1994), *cert. denied,* 495 U.S. 909 (1990)(counsel's failure to advise defendant of possible career offender enhancement not ineffective assistance).[2]

Under the current advisory guidelines, an attorney's mistaken estimate of the guidelines or erroneous sentence estimate is not deficient performance. *United States v. Himick, supra.* Indeed, even under the former mandatory guidelines, an attorney's mistaken prediction of a guideline offense level and sentence was determined not to undermine the voluntary and knowing nature of a guilty plea. *United States v. Bradley, supra.*[3] Accordingly, counsel's failure to explain or accurately predict

---

[2] Nor does due process require that a defendant be advised at the time of his plea that he faces an enhanced sentence as a career offender. *United States v. McElroy,* 180 Fed. Appx. 82, 85 (11th Cir. 2006); *United States v. Makris,* 221 Fed.Appx. 856, 858 (11th Cir. 2007). And Rule 11 does not require a court to inform a defendant of the possibility of career offender enhancements. *United States v. Brown,* 526 F.3d 691, 707 (11th Cir. 2008)(vacated on other grounds, 129 S.Ct. 1668 (2009) (citing *United States v. Pearson,* 910 F.2d 221, 223 (5th Cir. 1990) and quoting Rule 11 advisory committee's note (1989)("Since it will be impracticable, if not impossible, to know the formulation of a presentence report and resolution of disputed facts, [Rule 11] does not require the court to specify which guidelines will be important or which grounds for departure might prove to be significant.")).

"Accordingly, once the defendant acknowledges that he is aware of the guidelines, and states that he has discussed the effect of the guidelines with his attorney, the district court's Rule 11 obligations have been fulfilled." *United States v. Makris,* 180 Fed. Appx. at 85; *United States v. Mosley,* 173 F.3d 1318, 1328 (11th Cir. 1999)(sufficient for Rule 11 purposes that court elicits from defendant at time of plea that he knows about the Sentencing Guidelines and has discussed their effect on his sentence with his attorney); *see also United States v. Bozza,* 132 F.3d 659, 661-62 (11th Cir.1998) (no Rule 11 violation where court failed to inform defendant of possible enhancement under USSG § 2J1.7 during the sentencing colloquy).

[3] *See also Barker v. United States,* 7 F.3d 629, 633 (7th Cir.1993) ("misinformation from a defendant's attorney, such as an incorrect estimate of the offense severity rating, standing alone, does not constitute ineffective assistance of counsel"); *United States v. Sweeney,* 878 F.2d 68, 69, 70 (2nd Cir.1989) (counsel's "erroneous estimate" of guideline sentencing range not ineffective assistance).

how the guidelines would apply to Petitioner did not constitute ineffective assistance, where, as here, the plea colloquy otherwise meets all of the core concerns of a knowing and voluntary guilty plea.

Petitioner's plea colloquy undeniably satisfied the three core concerns of a knowing and voluntary guilty plea. *United States v. Siegel,* 102 F.3d 477, 481 (11th Cir. 1996)(plea is free from coercion, defendant understands nature of charge, and defendant knows and understands consequences of pleading guilty). By his own sworn acknowledgments to the Magistrate Judge, Petitioner's guilty plea was free from coercion, he understood the nature of the charges, and he understood the consequences of his plea, including the potential maximum sentence.

And it is not as if Petitioner did not know what he was facing before his sentencing hearing began. During his allocution, Petitioner acknowledged that he faced a 15 year sentence (CR Dkt. 71, p. 12-13)("I know that my girlfriend is not going to wait for me no 10, 15 years . . . I - - 15 years, when I seen this PSI, I'm like my life is over. I couldn't even tell my parents how much time I was facing."). Significantly, Petitioner voiced no objection at the time of sentencing about his career offender status and took no issue with his prior convictions.[4] Indeed, during the sentencing hearing, his attorney confirmed the accuracy of those prior convictions (CR Dkt. 71, p. 4). According to Petitioner, it was not until *after* he was sentenced that he voiced any concerns to his attorney.[5]

This is simply a case where Petitioner, a four time convicted drug dealer whose prior record earned him a significant enhancement, is disappointed with his sentence and blames his attorney:

---

[4] See 21 U.S.C. § 851(c); ¶ 89, Presentence Report ("PSR")

[5] "Petitioner Cuevas, felt that on the day of sentencing, that he had received extremely too much time, and therefore, informed counsel to appeal immediately his 15 year sentence." (CV Dkt. 2, p. iii).

"Counsel's prejudice caused the petitioner 15 years in a federal prison."(CV Dkt. 2, p. 6).[6]

Since the core requirements of a knowing and voluntary guilty plea were met, counsel's failure to inform Petitioner of the that he could be sentenced as a career offender did not establish that his lawyer's representation fell below an objective standard of reasonableness. *Thomas v. United States*, 27 F.3d at 325. A defendant's right to be apprised of the sentencing options"is no greater than the provisions of Fed.R.Crim. 11(c)(1)." *United States v. Siegel, supra; see also United States v. McElroy*, 180 Fed. Appx. at 85 (defendant not entitled to notice at time of plea that sentence could be enhanced as a career offender)(citing *Young v. United States*, 936 F.2d 533, 536 (11th Cir. 1991)). Accordingly, Petitioner has not demonstrated deficient performance on the part of counsel.

Further, Petitioner cannot demonstrate prejudice resulting from any claimed deficient performance. Petitioner expressly acknowledged during his plea colloquy that no one could predict what his guidelines range would be, but pleaded guilty notwithstanding (CR Dkt. pp. 26-28). His ultimate sentence was well below the statutory maximum and at variance (below) with his advisory guidelines range. And he never sought to withdraw his guilty plea after learning that he would be sentenced as a career offender. As noted, he voiced no objection to his career offender classification on the record until now. As one court observed in a similar circumstance: "If his lawyer's failure to advise him of the possibility that he might be treated as a career offender constituted ineffective

---

[6] Instructive is a case decided under the former *mandatory* guidelines system, where a district court's denial of a motion to withdraw a guilty plea was found not to be an abuse of discretion. In *United States v. Pease*, 240 F.3d 938 (11th Cir. 2001), *cert. denied*, 534 U.S. 967 (2001), the defendant tried to withdraw his guilty plea because his attorney misrepresented what his sentence would be and failed to advise him that he would be sentenced as a career offender. According to the Eleventh Circuit's paraphrasing of his contentions, the defendant "argues generally that his plea was involuntary because he did not understand how severe the sentence under the plea agreement might be."

In affirming the denial of the motion to withdraw the guilty plea, that Court noted that the plea was knowing and voluntary because the defendant had been informed by the Magistrate Judge during his plea colloquy not to rely on counsel's predictions of his sentence, had been advised of the maximum sentence, and defendant knew the maximum sentence was more severe than what he actually received. 240 F.3d at 941.

assistance of counsel, one would have expected [Petitioner] to have raised the issue at that time." *Thomas v. United States*, 27 F.3d at 326.

\* \* \*

Related to his claim that he was not aware he could be sentenced as a career offender is Petitioner's claim that his attorney was ineffective in failing to challenge his prior state drug distribution convictions. This contention is likewise without merit

In support of this claim, Petitioner contends that his prior convictions were not qualifying convictions for the USSG § 4B1.1 career offender enhancement (CV Dkt. 2, pp. 2-4).[7] Petitioner is mistaken. When he was sentenced, he had three prior state drug distribution convictions, as correctly summarized in his PSR.[8] To the extent Petitioner contends that these convictions were not qualifying because (1) he pleaded nolo contendere, and (2) he received a sentence of less than a year on two of the convictions, Petitioner is wrong, if not disingenuous. And to the extent he contends that he was convicted of mere possession of marijuana, as opposed to possession with intent to distribute, Petitioner is being less than candid, since it is undisputed that all three of his prior state convictions were for possession *with intent to sell or deliver*.

First, section 4B1.2(c) of the Sentencing Guidelines expressly contemplates that a conviction resulting from a "plea of <u>nolo contendere</u>" constitutes a qualifying prior felony controlled substance offense for purposes of the career offender enhancement under USSG § 4B1.1(a). Second,

---

[7] Petitioner's claim of actual innocence "has no application to his claim that he was wrongly sentenced as a career offender. *Orso v. United States*, 452 Fed. Appx. 912, 915 (11th Cir. 2012).

[8] As summarized in ¶ 35 of his PSR, Petitioner's three prior felony controlled substance convictions were, possession with intent to sell or deliver cocaine (¶ 42), possession of marijuana with intent to sell (¶ 45), and possession of cocaine with intent to sell or deliver (¶ 48). Only two prior controlled substance convictions are required to support the Career Offender status under USSG § 4B1.1.

Petitioner's prior convictions are undisputedly felonies. The career offender enhancement is based on felony convictions, not the sentences imposed. Lastly, a "controlled substance offense" is defined as a state offense punishable by imprisonment for more than one year "that prohibits the . . . distribution, or dispensing of a controlled substance . . . or the *possession of a controlled substance . . . with intent to . . . distribute, or dispense*." USSG § 4B1.2(b) (emphasis added).[9]

Not only are these three convictions qualifying convictions under USSG § 4B1(a), the record demonstrates that counsel investigated them. In response to the Court's inquiry during the sentencing hearing, counsel reported that he had confirmed the accuracy and validity of the prior convictions summarized in ¶ 35 of the PSR (CV Dkt. 71, p. 4). Demonstrating that counsel had investigated the accuracy of these convictions is his observation during the sentencing hearing that the cocaine conviction in ¶ 43 was actually for possession with intent to sell or deliver, rather than trafficking, as originally indicated in the PSR, although he correctly noted that this would not affect "the enhancement issue" (Id.).

Further, the sentencing transcript indicates that the Probation Officer had obtained the actual

---

[9] Petitioner's reliance on cases finding that simple possession does not constitute an "aggravated felony," such as *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010) and *Lopez v. Gonzales*, 549 U.S. 47 (2006), is misplaced. Further, there is nothing ambiguous about Petitioner's convictions for "possession with intent to sell or deliver" drugs under Florida law. Accordingly, Petitioner's reliance on cases such as *Salinas v. United States*, 522 U.S. 52 (1997) and *United States v. Hernandez*, 145 F.3d 1433 (11th Cir. 1998) is similarly misplaced. Finally, considering the plain language of USSG § 4B1.2(b), there is no need to engage in guidelines interpretation, as Petitioner seems to suggest. *United States v. Sutton*, 302 F.3d 1226, 1227 (11th Cir. 2002)(language of sentencing guidelines must be given its plain and ordinary meaning).

Similarly, Petitioner's reliance on *United States v. Shannon*, 631 F.3d 1187 (11th Cir. 2011) is misplaced. In *Shannon*, the defendant was convicted in state court of violating Fla. Stat. § 893.135(1)(b)("[a]ny person who knowingly . . . purchases . . . or who is knowingly in actual or constructive possession, of 28 grams or more of cocaine . . . commits a felony of the first degree . . . ."). 631 F.3d at 1189. Observing that "the district court was unable to determine the statutorily prohibited act for which [defendant] was convicted," the Eleventh Circuit assumed that [defendant] was convicted of the "least prohibited act" under the applicable state statute, the "purchase of cocaine." Relying on the definition of "controlled substance offense" in USSG § 2B1.2(b), the Court reasoned that the "purchase" of cocaine with intent to distribute was not a qualifying offense for Career Offender purposes, drawing a distinction between *purchase* and *possession* with intent to distribute. Unlike the circumstances in *Shannon*, Petitioner's convictions under Fla. Stat. § 893.135(1)(b) were for "possession" of drugs with intent to sell or deliver, not for purchasing the drugs.

state court judgments for the purpose of reporting Petitioner's prior convictions in the PSR, as well as to confirm that they were qualifying controlled substance offenses for career offender purposes. In response to Petitioner's counsel's observation concerning Petitioner's prior cocaine conviction reported in ¶ 43 of the PSR, the Probation Officer reported that she had "double-checked the judgment" to confirm that this conviction had been reduced from trafficking in cocaine to possession with intent to sell or deliver (Id. at p. 3).

Faced with valid prior controlled substance convictions and a correct determination by Probation that Petitioner was a career offender, counsel did what he reasonably could do to mitigate against the guidelines range, successfully urging that a variance from the career offender guidelines range was appropriate (CV Dkt. 71, pp. 6-10). As noted, his sentence of 180 months was at variance with the advisory guideline range of 188-235 months (CR Dkts. 60; 71, p. 6).

In sum, there was no basis on which to object to the prior convictions. Accordingly, there was no deficient performance or prejudice resulting from any alleged deficient performance in this regard. An attorney is not ineffective in failing to raise a meritless claim. *See Freeman v. Attorney General, State of Florida*, 536 F.3d 1225 (11th Cir. 2008) (citing *Chandler v. Moore,* 240 F.3d 907, 917 (11th Cir. 2001)); *Ladd v. Jones,* 864 F.2d 108, 110 (11th Cir. 1989); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992); *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000); *Card v. Dugger,* 911 F.2d 1494, 1520 (11th Cir. 1990).

Finally, to the extent Petitioner complains that he was enhanced as a career offender based on "invalid documentation," and (by inference) counsel was ineffective in failing to object on this

basis, Petitioner proffers no facts to support this allegation.[10] A mere conclusory allegation of deficient performance is insufficient. *Wilson v. United States*, 962 F.2d at 998 ("Conclusory allegations of ineffective assistance are insufficient.")(quoting *United States v. Lawson*, 947 F.2d 849, 853 (7th Cir.1991)). Petitioner's prior convictions were documented by Probation and Petitioner's counsel, both of whom confirmed the accuracy of the reported convictions (CV Dkt. 71, p. 4). Nothing beyond the judgments was considered, contrary to Petitioner's implicit contention that the district court engaged in improper fact finding under *Shepard v. United States*, 544 U.S. 13 (2005).

Where, as here, Petitioner is unable to establish either prong of the *Strickland* analysis, his claim of ineffective assistance of counsel must be dismissed. *See Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1995).

### Involuntary and unknowing guilty plea

A defendant who enters a guilty plea waives all non-jurisdictional challenges to the constitutionality of the conviction and only an attack on the voluntary and knowing nature of the plea can be sustained. *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. Unit B, 1981). It follows, therefore, that by pleading guilty, Petitioner waived all non-jurisdictional defenses, including any claim of ineffective assistance of counsel based on alleged pre-plea advice. *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992)(plea of guilty waives claim of pre-plea ineffective assistance of counsel which does not relate to the decision to plead guilty).[11]

---

[10] Although Petitioner's memorandums include lengthy recitations and challenges to many of his prior convictions having no bearing on his career offender status, he has not, and cannot, challenge the undisputed nature of the three specific qualifying drug distribution convictions summarized in ¶ 35 of the PSR.

[11] That waiver and admission of factual guilt precludes the contention Petitioner now makes that he "never agreed to be held accountable for drugs that he was not responsible for, not even relevant conduct." (CV Dkt. 2, p. 9) During his plea colloquy, Petitioner agreed with the facts proffered by the prosecutor (CR Dkt. 72, p. 34), and confirmed that he was pleading guilty because he was, in fact, guilty (Id. at p. 36). And Petitioner offers no factual support for this belated contention about drug quantity or how counsel could have challenged drug quantity. It is accordingly rejected as facially insufficient.

Petitioner's allegations do not demonstrate that the knowing and voluntary nature of his guilty plea was undermined by anything his attorney said or did, or failed to say or do. Rather, taking the allegations as true, considered in the context of whether Petitioner's guilty plea was knowing and voluntary, Petitioner's characterization of what his attorney told him (CV Dkt. 2, p. 9: ". . . if he pled guilty and did not pursue a trial that he had a good possibility of receiving no more than 60 months . . ."), amounts to nothing more than an estimate and "informed opinion to his client as to the best course of action." *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984)(counsel need only make an independent examination of the facts, circumstances, pleadings and applicable law, and then offer counsel's informed opinion to his client as to the best course of action*)*. That his attorney was in error did not undermine the knowing and voluntary nature of Petitioner's guilty plea. *United States v. Bradley, supra*; *United States v. Himick*, 139 Fed. Appx. at 229.

The record demonstrates that the Magistrate Judge conducted a thorough Rule 11 plea colloquy which satisfied the core concerns of an informed guilty plea. Specifically with respect to his satisfaction with counsel, the following exchange took place:

> THE COURT: Do you feel that you've had a full opportunity to discuss all your options in this case with Mr. Hernandez?
>
> THE DEFENDANT: Yes, Sir.
>
> THE COURT: To include the option to take your case to trial or to enter a plea of guilt?
>
> THE DEFENDANT: Yes, Sir.[12]

---

[12] In direct contradiction to this sworn testimony, Petitioner now contends: "Petitioner's plea was unintelligent, because he was not aware of what it meant to have a trial because it was never explained to him by counsel," and that "[c]ounsel was ineffective because he did not explain to the petitioner the difference between pleading guilty and proceeding to trial."(CV Dkt. 2, p. 5-6). Such blatant contradictions discredit any claim of an unknowing guilty plea. *United States v. Ross*, 147 Fed. Appx. 936, 939-40 (11th Cir. 2005)(allegations that counsel was ineffective which are contrary to defendant's sworn statements at plea hearing may be discredited)(citing *United States v. Frexias*, 332 F.3d 1314, 1319 (11th Cir. 2003)).

> THE COURT: Are you fully satisfied with the advice and representation that you've received in this case?
>
> THE DEFENDANT: Yes, Sir.
>
> THE COURT: Is there anything that you've asked Mr. Hernandez to do that he's not done?
>
> THE DEFENDANT: He's done everything.
>
> THE COURT: Is there anything that you feel Mr. Hernandez has done in an unsatisfactory manner?
>
> THE DEFENDANT: He's done a good job.

(CR Dkt. 70, p. 11-12).

Petitioner expressly confirmed that no one had threatened him or promised him anything to induce

him to plead guilty and that he understood he could receive the maximum sentence:

> THE COURT: Let me ask you just in general, Mr. Cuevas, has anyone forced you or threatened you in anyway in order to induce you to enter a plea of guilt on this case?
>
> THE DEFENDANT: No. Sir.
>
> THE COURT: Other than what's in your plea agreement, has anyone promised you anything of value in order to induce you to enter a plea of guilt in this case?
>
> THE DEFENDANT: No, Sir.
>
> * * *
>
> THE COURT: In essence, Mr. Cuevas, do you understand that the district court could sentence you to the maximum extent allowed by law for Count One of the indictment?
>
> THE DEFENDANT: Yes, sir.

THE COURT: And as you sit here today, has anyone promised you that you would not have to go to jail if you entered a plea of guilt?

THE DEFENDANT: No, Sir.

THE COURT: Has anyone promised you a specific time in jail if you entered a plea of guilt?

THE DEFENDANT: No, Sir.

(Id., pp. 20; 28).

Petitioner will not be heard to say that any of these sworn responses were false. Significantly, Petitioner assured the Magistrate Judge that no one had promised him that he would not go to jail *or a specific time in jail if he pleaded guilty.* (Id. at p. 28)(emphasis added). Accordingly, his contention that his attorney "did indirectly promise the petitioner that if he pled guilty, and did not pursue a trial, he would receive a possible sentence of no more than 60 months in a federal prison" is belied by his sworn testimony to the contrary.

Petitioner confirmed that he reviewed the Plea Agreement with his attorney "in its entirety," understood its terms, initialed each page, and signed the last page. (CR Dkt. 70, p. 12). With regard to the appeal waiver, the Magistrate explained the limitations on his right to appeal and the significance of the waiver, telling Petitioner that "by the provisions of your plea agreement, you have substantially limited if not waived your appellate rights (CR Dkt. 70, p. 18). Petitioner unequivocally confirmed his understanding:

THE COURT: Do you understand, Mr. Cuevas, by this provision of your plea agreement, you have in essence waived or given up your right to appeal unless and only if one of those events occur?

THE DEFENDANT: Yes, Sir.

THE COURT: Do you feel you understand this provision of your plea agreement?

THE DEFENDANT: Yes, Sir.

THE COURT: Has anyone forced you or threatened you in any way in order to get you to waive your right to appeal?

14

THE DEFENDANT: No, Sir.

* * *

THE COURT: Do you make your waiver of appeal knowingly and voluntarily?

THE DEFENDANT: Yes, Sir.

(CR Dkt. 70, pp. 18-20).

With respect to the sentencing guidelines, the Magistrate Judge explained that the guidelines were advisory and that his guideline range could not be determined with "any certainty" until the PSR was prepared. Petitioner confirmed that he had discussed the guidelines with counsel:

THE COURT: . . . Have you discussed the advisory guidelines with Mr. Hernandez and how they might apply in your case?

THE DEFENDANT: Yes, sir.

THE COURT: Essentially, have you and Mr. Hernandez predicted or estimated a potential advisory guideline range for your case?

THE DEFENDANT: No, sir.

THE COURT: If you have, I need to explain to you that at this point no one could tell you with any certainty as to what your advisory guideline range will be. That cannot be done until the probation office has had an opportunity to prepare something called a presentence investigative report. This document is an important document as it will be utilized by the district court in determining a sentence in your case.

* * *

Therefore, no one could tell you with any certainty as to what your advisory guideline range will be. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And if you have predicted or estimated any potential advisory guideline range, if that prediction or estimate proves wrong, you cannot later complain and ask to withdraw from your plea of guilty. Do you understand that?

THE DEFENDANT: Yes, sir.

(CR Dkt. pp. 26-28).

Petitioner's complaint that he would not have pleaded guilty if he had known he would be sentenced as a career offender is likewise belied by these sworn responses to the Magistrate Judge's questions. He understood that his guideline range could not be determined until the PSR was completed. He knew that his sentence would be enhanced by his prior drug convictions. Indeed, the Magistrate Judge carefully explained that because of his prior convictions, Petitioner's maximum penalty increased to 30 years (CR Dkt. 70, p. 21-22). Petitioner confirmed that he had discussed this with his attorney:

THE COURT: Okay. Mr. Cuevas, has Mr. Hernandez discussed with you that as a result of this document that the government has given notice on the record that you have a prior conviction which, under the statute, it will increase the statutory maximum penalty that you will face in this case? Do you understand that?

THE DEFENDANT: Yes, sir.

(CR Dkt. 70, p. 21-22).

The record demonstrates, therefore, that Petitioner expressly acknowledged his prior convictions and confirmed that he was subject to an enhanced maximum sentence and could get the maximum sentence, but notwithstanding, persisted in pleading guilty.

Completing a thorough Rule 11 colloquy, the Magistrate Judge complied with the requirement of ensuring that there was an independent factual basis for Petitioner's guilty plea,

*United States v. Owen*, 858 F.2d 1514, 1516 (11th Cir. 1988), and "that the conduct to which [Petitioner] admits constitutes the offense charged." *United States v. Gamboa*, 166 F.3d 1327, 1331 n.4 (11th Cir. 1999).[13] He elicited a factual basis supporting the charges from the Government and following that proffer, confirmed with Petitioner that those facts were "accurate."

> THE COURT: Mr. Cuevas, did you hear the facts as stated by the prosecutor?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: Do you have any disagreement with any of those facts at all?
>
> DEFENDANT: No, Sir.
>
> THE COURT: Are those facts true?
>
> DEFENDANT: Yes, Sir.

(CR Dkt. 70, pp. 32-34).

At the conclusion of the colloquy, Petitioner confirmed his understanding of the consequences of his guilty plea and the rights he was waiving, and declined an opportunity to confer with counsel before entering his plea. (Id. at p. 35). Petitioner confirmed that he was pleading guilty because he was in fact guilty of that offense. (Id. at p. 36).

Based on the plea colloquy, the Magistrate Judge found that Petitioner's plea of guilty was "knowing, intelligent and voluntary, and that it is supported by an independent factual basis as to each of the essential elements of the offense," and memorialized that finding in a written Report and

---

[13] The judge explained the constitutional rights Petitioner was waiving and the Government's burden of proof, and the elements of the conspiracy charge in Count One. (Id. at pp. 28-30; 31). Petitioner acknowledged his understanding of the rights he was waiving, the elements of the charge, and that by pleading guilty, he was waiving any defenses and objections to the evidence. (Id. at p. 30-31)

Recommendation. (CR Dkts. 70, pp. 37; 53). Petitioner did not object to this finding or to the recommendation that his guilty plea be accepted by the district judge.

Petitioner's contention that his guilty plea was unknowing and involuntary is refuted by his change of plea colloquy. Additionally, in his Plea Agreement, Petitioner confirmed that he was pleading guilty "freely and voluntarily without reliance upon any discussions . . . and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind." (CR Dkt. 14, p. 13, ¶ B(8)).

Petitioner's sworn representations made during his plea hearing, along with the findings of the Magistrate Judge accepting the plea, constitute "a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Those statements are strongly presumed to be true. *United States v Medlock*, 12 F.3d 185, 187 (11th Cir. 1994), *cert. denied*, 513 U.S. 864 (1994); *United States v. Billings*, 263 Fed. Appx. 795, 800 (11th Cir. 2008). This presumption cannot be overcome by Petitioner's bald assertion of misunderstanding. *Harvey v. United States*, 850 F.2d 388, 396 (8th Cir. 1988). And he will certainly not be heard to now contend that his sworn statements were false. *United States v. Stitzer*, 785 F.2d 1506, 1514, n.4 (11th Cir. 1986), *cert. denied*, 479 U.S. 823 (1986)("[I]f the Rule 11 plea taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely.").[14]

Under these circumstances, Petitioner's guilty plea was knowing and voluntary. *United States v. Brown*, 586 F.3d 1342, 1346 (11th Cir. 2009), *cert. denied*, 130 S. Ct. 2403 (2010)(guilty plea

---

[14] Petitioner's allegations in support of his claims of an involuntary guilty plea and ineffective assistance of counsel essentially disavow the sworn statements he made during his Rule 11 plea colloquy. A defendant will not be heard to contend that his sworn statements made during a Rule 11 colloquy are false. *United States v. Stitzer, supra* . Consequently, Petitioner "bears a heavy burden to show his statements [under oath] were false." *United States v. Ross,* 147 Fed. Appx. 936 (11th Cir. 2005)(citing *United States v. Rogers,* 848 F.2d 166, 168 (11th Cir. 1988)).

Although he does not expressly claim that his statements to the Magistrate Judge were false, implicitly he does. Petitioner has not met his "heavy burden to show his statements were false." *United States v. Rogers,* 848 at 168. He fails to explain why his sworn acknowledgment of the significance of his appeal waiver, his confirmation that no promises had been made to him other than in his Plea Agreement, and his expressed satisfaction with counsel's representation should be ignored.

knowing and voluntary if defendant entered plea without coercion and with understanding of the nature of the charges and the consequences of the plea.); *Bousley v. United States*, 523 U.S. 614, 619 (1998)("plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense "unless induced by threats . . . misrepresentation . . . or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business.")(quoting *Brady v. United States*, 397 U.S. 742, 755 (1970)).

### Unknowing and involuntary appeal waiver

In his Plea Agreement, Petitioner expressly waived his right to appeal or collaterally attack his sentence *on any ground*, except those specified in the appeal waiver clause. (CR Dkt. 47, p. 11).[15] As noted, the Magistrate Judge expressly discussed the appeal waiver with Petitioner during his change of plea hearing. Petitioner confirmed his understanding of the waiver. It is therefore manifestly clear from the Rule 11 colloquy that Petitioner understood the significance of the appeal waiver clause in his Plea Agreement. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993), *cert. denied*, 513 U.S. 1051 (1994)(appeal waiver enforceable if court questions defendant concerning waiver during Rule 11 colloquy or it is manifestly clear that the defendant otherwise understood its full significance); *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001).

Under these circumstances, the appeal waiver is valid and enforceable and precludes Petitioner's collateral attack on his sentence through this claim of ineffective assistance of counsel, because "a contrary result would permit a defendant to circumvent the terms of the sentence-appeal

---

[15] Specifically, Petitioner expressly waived the right to appeal his "sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range . . . except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court . . . ; (b) the ground that the sentence exceeds that statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution . . . ." (CR Dkt. 47, p. 11).

waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005), *cert. denied*, 546 U.S. 902 (2005).

Ground One is essentially nothing more than a collateral attack on Petitioner's sentence under the guise of an ineffective assistance claim. That claim has been waived by virtue of Petitioner's appeal waiver. None of the exceptions listed in the Plea Agreement apply. The appeal waiver is enforced in accordance with its terms. *United States v. Bascomb*, 451 F.3d 1292, 1296 (11th Cir. 2006).

### Conclusion

Petitioner's claim of ineffective assistance of counsel/involuntary guilty plea is rejected since Petitioner waived this collateral attack on his sentence in an enforceable appeal waiver and in any event, his allegations are contrary to his sworn testimony during his change of plea hearing. Ground One is therefore due to be dismissed.

There is no need for an evidentiary hearing on Ground One since the record demonstrates a knowing and voluntary guilty plea and appeal waiver. *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992); *Hutchins v. Secretary for Dept. of Corrections*, 273 Fed.Appx. 777, 778 (11th Cir. 2008), *cert. denied,* 129 S.Ct. 126 (2008).

### GROUND TWO

In Ground Two, Petitioner contends that his attorney failed to file an appeal after being requested to do so (CV Dkt. 2, p. 4). Petitioner alleges that he "informed counsel on the day of sentencing to file a Notice of Appeal, because he was not a Career Offender, nor did he accept the government's theory of being labeled as a Career Offender" (Id.). Petitioner also claims he told his attorney to appeal "on the day he was sentence [sic] and several days thereafter to Appeal, file a

Notice of Appeal, and file a Direct Appeal." (Id. at p. 5). And Petitioner alleges that "counsel refused to consult with petitioner about his Appeal rights" and "never consulted the petitioner about any Appeal rights at all." (CV Dkt. 2, pp. 6; 8).

Notwithstanding the affidavit of Attorney Hernandez filed by the Government, this claim requires an evidentiary hearing. *Gomez-Diaz v. United States*, 433 F.3d 788 (11th Cir. 2005); *Miguel v. United States*, 200 Fed. Appx. 899 (11th Cir. 2006).

## GROUND THREE

In Ground Three, Petitioner raises a due process cumulative error claim, contending that he suffered substantial prejudice from several constitutional violations (Dkt.2, p. 11). Specifically, Petitioner alleges that: 1) counsel failed to explain the difference between pleading guilty and pursuing a trial; 2) counsel failed to file a notice of appeal; 3) counsel failed to inform him that he was subject to enhancement as a career offender; 4) counsel failed to object to the career offender status; 5) counsel failed to consult with him regarding his right to appeal; 6) counsel was ineffective for allowing him to enter into an involuntary, unknowing, and unintelligent plea; 7) counsel was ineffective for stating to him that if he pled guilty he would receive a sentence of not more than 60 months; and 8) counsel failed to object to the amount of drugs he was held accountable for.

Because none of these individual claims have facial merit, other than his claim that counsel failed to file an appeal after being requested to do so and failed to consult with him about an appeal, this cumulative error claim fails. *See United States v. Moye,* 951 F.2d 59, 63 n.7 (5th Cir.1992).

### Reply

In his Reply, Petitioner seems to accuse his attorney of breaching the Plea Agreement (CV Dkt. 10, p. 2-3). Apart from the fact that counsel was not a party to the Plea Agreement, any claims raised for the first time in a reply to the Government's response in opposition to the original § 2255

21

motion are not properly before this Court. *Riley v. United States,* 304 Fed. Appx. 811 (11th Cir. 2008).

### Evidentiary Hearing

An evidentiary hearing is unnecessary except on Ground Two, because it "plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States,* 292 F.3d 1302, 1303 (11th Cir. 2002).

Accordingly, it is **ORDERED AND ADJUDGED:**

1.  Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. 1) is DENIED as to Grounds One and Three.

2.  An evidentiary hearing *limited to Ground Two* will be scheduled by separate order.

**DONE AND ORDERED** this _22^{nd}_ day of May, 2012.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Petitioner, *pro se*
Counsel of record

22